**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**LEONARD DOUGLAS (#601998)**

**VERSUS**

**THE ESTATE OF T. JOE CALLOWAY, ET AL.**

**CIVIL ACTION**

**NO. 18-127-BAJ-RLB**

**ORDER**

This order is issued *sua sponte*.

Leonard Douglas, an inmate at Dixon Correctional Institute, filed an original Complaint (titled "Petition for Damages – Breach of Contract") in this Court asserting that he represents himself, Executive Shield Society, Inc., House of Blues of Baton Rouge, and Baton Rouge House of Blues, LLC as plaintiffs. (R. Doc. 1). Mr. Douglas is seeking recovery for "breach of the implied-in-law duty of good faith and fair dealing" with respect to an alleged construction contract entered into with T. Joe Calloway. (R. Doc. 1 at 2-3). Plaintiff alleges that the defendants – the Estate of T. Joe Calloway, Glenda Calloway, and ABC Insurance Company – owe Plaintiff and his co-plaintiffs $36,199,512.99. (R. Doc. 1 at 3-4). The Complaint does not specify any source of law under which the plaintiffs are seeking relief.

Mr. Douglas is not admitted to practice law before this Court. It also appears that Mr. Douglas is not admitted to practice law in the State of Louisiana.

In reviewing the Complaint in the light most favorable to Plaintiff, it appears that the Court cannot exercise subject matter jurisdiction over this action. Plaintiff does not seek relief under any federal law supporting federal question jurisdiction. *See* 28 U.S.C. § 1331. Furthermore, it appears that diversity jurisdiction is lacking because there is not complete diversity between the parties. *See* 28 U.S.C. § 1332. Mr. Douglas and the two non-fictitious

defendants – the Estate of T. Joe Calloway and Glenda Calloway – appear to be Louisiana citizens. The Complaint does not identify the citizenship of Executive Shield Society, Inc., which is determined by the corporation's state of incorporation and principal place of business. *See* 28 U.S.C. § 1332(c)(1); *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983). An attached affidavit, however, suggests that Executive Shield Society, Inc. is a citizen of Louisiana. (R. Doc. 1-1). The Complaint also does not identify the citizenship of Baton Rouge House of Blues, LLC, which is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The Complaint does not identify the nature of the business entity "House of Blues of Baton Rouge."

Furthermore, it appears that Mr. Douglas may be engaged in the unauthorized practice of law by signing a pleading on behalf of the named co-plaintiffs in this action, Executive Shield Society, Inc., House of Blues of Baton Rouge, and Baton Rouge House of Blues, LLC, which is prohibited under Louisiana law. *See* La. R.S. 37:213. A *pro se* plaintiff cannot sign a pleading on behalf of other plaintiffs that the *pro se* plaintiff does not represent. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."). Business entities such as Executive Shield Society, Inc., House of Blues of Baton Rouge, and Baton Rouge House of Blues, LLC must be represented by licensed counsel in a civil proceeding. *See Southwest Express Co., Inc. v. Interstate Commerce Comm'n,* 670 F.2d 53, 55-56; *United States v. Brown*, 197 F. Supp. 2d 574, 575 (W.D. La. 2002).

Based on the foregoing,

**IT IS ORDERED** that, within 21 days of the date of this Order, Mr. Douglas shall amend the "Petition for Damages – Breach of Contract" setting forth the basis for federal subject

matter jurisdiction, including the citizenship of every party.  To the extent any business entity remains a party, counsel in good standing in this district must appear on its behalf.  Failure to establish this Court's subject matter jurisdiction will subject the instant action to dismissal without prejudice.

**IT IS FURTHER ORDERED** that, within 21 days of the date of this Order, Mr. Douglas must show cause in writing why his co-plaintiffs should not be dismissed from this action on the basis that Mr. Douglas is unauthorized to represent their interests.

Signed in Baton Rouge, Louisiana, on February 6, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**